**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CHRISTOPHER ALLEN JOINER**                                              **PLAINTIFF**

**V.**                                                      **Civil Action No. 1:16-cv-23-HSO-JCG**

**HEALTH ASSURANCE, LLC et al.**                                 **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court *sua sponte* for recommendation of dismissal. For the reasons that follow, the undersigned recommends that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the orders of the Court.

**BACKGROUND AND PROCEDURAL HISTORY**

When Plaintiff filed this 42 U.S.C. § 1983 suit on January 25, 2016, he was a prisoner incarcerated at the Jackson County Adult Detention Center. An Order Setting Omnibus Hearing issued on October 13, 2016. A Writ of Habeas Corpus ad Testificandum also issued for Plaintiff to attend the hearing. (ECF No. 21). The Writ was returned unexecuted on October 18, 2016, with a note stating: "Released from here. No longer an inmate here." (ECF No. 23). The Order Setting Omnibus Hearing was also returned and marked "Return to Sender. Refused. Unable to Forward." (ECF No. 24).

On December 8, 2016, Defendants Jennifer Miller, Kristi Bourn, and Health Assurance, LLC, moved to dismiss this lawsuit for failure to prosecute and comply with the Court's Orders. (ECF No. 25). Defendants stated that they believed

Plaintiff was now incarcerated at Central Mississippi Correctional Facility. *Id.* at 1-2. Defendants mailed the Motion to Dismiss to Plaintiff at Central Mississippi Correctional Facility. *Id.* at 2. Plaintiff did not respond to the Motion to Dismiss.

On December 15, 2016, an omnibus hearing was held. Plaintiff failed to appear. An Order to Show Cause issued, requiring Plaintiff to file a response in writing on or before December 29, 2016, showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit. Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (ECF No. 27). The Order was mailed to Plaintiff at his address of record.

The Show Cause Order was returned on December 28, 2016, and marked "Return to Sender. Not Deliverable as Addressed. Unable to Forward." (ECF No. 27). Plaintiff has not responded to the Show Cause Order nor requested additional time to do so.

## LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a lawsuit based on the failure of a plaintiff to prosecute his claims or comply with any order of the court. "[T]he court possesses the inherent authority to dismiss [an] action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh,*

835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI,* 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds that there exists a clear pattern of delay and contumacious conduct on the part of Plaintiff. The Court has repeatedly warned Plaintiff that it is his responsibility to keep the Court apprised of his current address and to prosecute.

- The Court's January 25, 2016, Order stated: "The plaintiff is warned that . . . his or her failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, without further written notice." (ECF No. 3, at 2).
- The Court's February 8, 2016, Order granting pauper status provided: "Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." (ECF No. 5, at 3).

- A second Order issued on February 8, 2016, stated: "It is Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case." (ECF No. 6, at 2).

There is no reason to conclude that lesser sanctions than dismissal would prompt diligent prosecution. Plaintiff is no longer incarcerated at the Jackson County Adult Detention Center. He has not filed a change of address despite being warned on three occasions that failure to advise the Court of a change of address subjected his case to dismissal. Accordingly, the undersigned concludes that this lawsuit should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and abide by the Court's Orders.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 4th day of January, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE