IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ALLEN JOINER** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:16cv23-HSO-JCG |
| **HEALTH ASSURANCE, LLC,** *et al.* | § § § | **DEFENDANTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S [28] REPORT
AND RECOMMENDATION AND DISMISSING CASE
WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE
AND TO ABIDE BY THE COURT'S ORDERS**

This matter comes before the Court on the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 4, 2017. Based upon his review of the pleadings and relevant legal authority, the Magistrate Judge recommended that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders. R. & R. [28] at 4. For the reasons that follow, the Court finds that the Report and Recommendation [28] should adopted in its entirety as the finding of this Court and that this case should be dismissed without prejudice.

I.   BACKGROUND

Plaintiff Christopher Allen Joiner ("Plaintiff") filed a pro se Complaint [1] in this Court on January 25, 2016, and is proceeding *in forma pauperis*. The Complaint asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Health

Assurance, LLC, Christy Bourn, Jennifer Miller, Michael Dunn, City of Pascagoula, and Officer Josh Fox.  Compl. [1] at 1.  On October 13, 2016, the Magistrate Judge entered an Order setting an omnibus hearing, which was to serve "as a *Spears*[1] hearing and a case management hearing."  Order [20] at 1.  The parties were ordered to appear, and Plaintiff was warned that "failure to keep the Court informed of his current address or to abide by orders of the Court may result in dismissal of this lawsuit."  *Id.* at 3.  The Order [20] was mailed to Plaintiff at his address of record via certified mail return receipt requested, but the envelope containing the Order [20] was returned to the Court as undeliverable and marked "RTS NOT HERE."  Return [24] at 1.

On October 13, 2016, a Writ of Habeas Corpus ad Testificandum [21] for Plaintiff was issued to the Warden of the Jackson County Adult Detention Center.  The Warden returned the Writ with a note stating "[r]eleased from here.  No longer an inmate here."  Return [23] at 2.  To date, Plaintiff's address of record is still listed as the Jackson County Adult Detention Center.

Plaintiff failed to appear at the omnibus hearing.  *See* Dec. 15, 2016, Minute Entry.  On December 15, 2016, the Magistrate Judge entered a Show Cause Order [26] requiring Plaintiff to file a written response by December 29, 2016, "showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address should not result in dismissal of this suit for failure to prosecute."  Order [26] at 1.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff was "specifically warned that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute."  *Id.*  The Show Cause Order [26] was mailed via certified mail return receipt requested, but was also returned as undeliverable.  Return [27] at 1.

Plaintiff did not respond to the Show Cause Order [26].  On January 4, 2017, the Magistrate Judge entered his Report and Recommendation [28], recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders.  R. & R. [28] at 4.  The Report and Recommendation [28] was mailed to Plaintiff on January 4, 2017, via certified mail return receipt requested, and was returned to the Court as undeliverable.  Return [29] at 1.

Any objection to the Magistrate Judge's Report and Recommendation [28] was due within fourteen (14) days of service, or no later than January 18, 2017.  L.U. Civ. R. 72(a)(3).  To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [28].

## II.  DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it.  28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection

is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [28] as the opinion of this Court, and this civil action will be dismissed without prejudice for Plaintiff's failure to prosecute and to abide by the Court's Orders.

Even under a *de novo* review, the result would not change. This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Plaintiff has not kept the Court apprised of his mailing address, even after being warned numerous times that failure to do so would be deemed a purposeful delay and contumacious act that may result in the dismissal of his case. *See, e.g.,*

Order [3] at 2; Order [5] at 3; Order [6] at 2; Order [20] at 3.   Plaintiff has filed nothing in this case in over a year, since he filed his Motion to Appoint Counsel [10] and Memorandum in Support [11] on March 7, 2016.   Nor has Plaintiff updated his address in the time since the Magistrate Judge's Order [20] setting omnibus hearing was entered and mailed to him on October 13, 2016, five months ago.  Such inaction represents a clear record of delay or contumacious conduct by Plaintiff.   It is apparent to the Court that Plaintiff no longer wishes to pursue this case.   Dismissal is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, entered on January 4, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE